I. H. TOTTEN *et al. v.* E. E. WINTERS, JR., *Prosecuting Attorney, etc., et al.*

(No. 8078)

Submitted November 15, 1934.   Decided December 18, 1934.

*Connor Hall,* for relators.
*E. E. Winters, Jr.,* for respondents.

LITZ, JUDGE:

Relators, J. H. Totten, John S. Dodds, A. J. McComas, Russell Cooper, E. R. Jeffrys, Thomas Casey and C. G. Blankenship, regularly elected and duly qualified constables of Guyandotte, Barboursville, Kyle, Grant and Union Districts of Cabell County, seek by original application to this court, a writ of mandamus directed to the county court and prosecuting attorney thereof commanding them to approve and pay specified fee bills alleged to be due relators for serving criminal processes.

Respondents, by answer to the petition, offer as justification for rejecting the claims of relators that each constitutes a charge by the constable asserting it for serving outside his magisterial district criminal process issued by a justice from another district. Relators, on the other hand, insist that as the powers of a constable extend throughout the county, he may execute indiscriminately criminal process issued by a justice from any district in the county.

The pertinent constitutional and statutory provisions follow: "There shall be elected in each district of the county, by the voters thereof, one constable, and if the population of any district shall exceed twelve hundred, an additional constable, whose term of office shall be four years, and whose powers as such shall extend throughout their county. * * * The foregoing officers * * * shall reside in the district for which they shall be respectively elected." Art. IX, sec. 2, State Constitution. "Each county shall be laid off into districts of not less than three nor more than ten in number, and as nearly equal as may be in territory and population. There shall be elected in each district containing a population not exceeding twelve hundred, one justice of the peace, and if the population exceeds that number, two such justices shall be elected therein. Every justice shall reside in the district for which he was elected, and hold his office for the term of four years unless sooner removed in the manner prescribed by law." Art. VIII, sec. 27, Constitution. "The jurisdiction of justices of the peace shall extend throughout their county." Art. VIII, sec. 28, State Constitution. "If the justice have jurisdiction, the warrant of arrest may be directed to any constable in the county in which the offense was committed, and the officer to whom it is directed may execute the same anywhere within his county, or on any river or creek adjoining thereto. It may be directed to the constable by name or official designation." Code (1931), 50-18-3. "Every search warrant shall be directed to the sheriff or any constable of the county in which the place to be searched may be, * * *." Code (1931), 62-1-18.

The controversy grows out of an apparently prevalent practice of constables from country districts in Cabell County attaching themselves as process servers to the courts of justices in the populous districts comprising the city of Huntington in order to increase their fees. A fair interpretation of the provisions of the constitution extending the powers of a constable and jurisdiction of a justice throughout the county and requiring them to reside in the districts for which they are elected, leads us to the conclusion that a constable should exercise his powers in other districts of the county only so far as may be reasonably necessary to the proper discharge of his duties in his own district. The principle has been recognized by this court in cases involving the jurisdiction of justices. "The object in electing justices for the several districts is for the convenience of the people,—to bring justice to their doors, and that they may not, without good reason, be compelled to go to a remote part of the county to defend their rights in suits that may be brought against them." *Staunton-Belment Company* v. *Case,* 47 W. Va. 779, 35 S. E. 851. "Confinement of a justice to his own district in the trial of cases operates to the advantage of the citizens of the district by enabling them to bring their suits, without going beyond the limits of the district in which they reside, and this may have been one reason for inserting that provision in the Constitution. * * * If a justice, after election and qualification, were permitted to reside out of his district, it might result in the removal of all of them to a city or place of heavy population in some one portion of the county and thus compel all persons, residing in certain districts of the county, to go many miles, at considerable expense, and at great inconvenience, to institute such actions as they may desire to bring. * * * The principle of local self-government is firmly imbedded in the organic law of the State, and the positive requirement of the statute that a justice of the peace shall not only be a resident of the district, that he may be eligible to the office, but shall continue to remain in the district during his term of office, is in complete accord with that principle. * * * A

justice of the peace must, therefore, not only have a residence in the district, such as will entitle him to vote and do other acts there, but must actually reside and be there." *Johnston* v. *Hunter*, 50 W. Va. 52, 40 S. E. 448. If constables have unqualified jurisdiction throughout the county they will naturally gravitate to the populous districts for increased fees. Such movement will tend to confusion in the administration of justice, neglect of duty by constables in their own districts and official irregularities. It will mean, in effect, a return of the old, discredited special constable system recently abolished by the legislature. We cannot attribute such intention to the legislature or the framers of the constitution. The discharge of the primary duty of a constable of conserving the peace and order of his district necessitates his presence therein.

We are of opinion that a constable is limited to his district in serving criminal process issued by a justice of another district and may therefore serve outside his district only criminal process issued by a justice thereof.

The writ prayed for is, accordingly, refused.

*Writ refused.*